UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROMAN WHITE,

                              Plaintiff,

    -against-

CITY OF NEW YORK, RICARDO CANELO, JAMES CRONIN, MICHAEL BRACKEN, DONALD BOLLER, DAVID NISTHAUS, ODANEL IRIAS, JOSEPH GALLO, CLAUDE SUMMLIN, JEREMIAH BREEN, DAVID CAPATO, MATTHEW GRIFFIN, CHRISTOPHER MCNICHOLAS, ENRIQUE SANTOS, GLENDA WAJER and JOHN and JANE DOE 1 through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants,

----------------------------------------------------------------X

**AMENDED COMPLAINT**

09 CV 6263 (CM)

Jury Trial Demanded

        Plaintiff ROMAN WHITE, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

        1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

        2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiff ROMAN.WHITE is a twenty-year old African American gentleman who resides in the State of Pennsylvania.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, RICARDO CANELO, JAMES CRONIN, MICHAEL BRACKEN, DONALD BOLLER, DAVID NISTHAUS, ODANEL IRIAS, JOSEPH GALLO, CLAUDE SUMMLIN, JEREMIAH BREEN, DAVID CAPATO, MATTHEW GRIFFIN, CHRISTOPHER MCNICHOLAS, ENRIQUE SANTOS, GLENDA WAJER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.  In or around the late evening of February 8, 2008, into the early morning of February 9, 2008, plaintiff ROMAN WHITE was lawfully present inside a restaurant known as Splurge, located at 2268 Seventh Avenue, in the County and State of New York.

13.  At the aforesaid time and place, WHITE was having dinner with a friend, when the defendant NYPD officers rushed into the establishment and told everyone in the restaurant, in sum and substance, "police, police" and "everyone get on to the floor."

14.  The defendant officers, including defendant CANELO, thereafter picked plaintiff up, threw plaintiff to the floor and dumped plaintiff on his head. The officers said to plaintiff "let us see your hands." Plaintiff tried to put his hands behind his back to comply with the command. However, despite the fact that plaintiff was not resisting in any way, he felt repeated punches on both sides of his face.

15.  Plaintiff was thereafter lifted up by one of the defendants, and felt that he had been hand cuffed. At that time, defendant CANELO was standing next to plaintiff, at which time plaintiff was punched with extreme force in his left eye by defendant CANELO.

16.  Plaintiff was thereafter asked for his personal information and verbally threatened by the defendants. Despite the physical injuries caused by this brutal attack, including a serious

3

injury to plaintiff's eye, none of the defendants rendered necessary medical attention or summoned medical assistance for plaintiff. Instead, the defendants transported plaintiff to a police precinct and imprisoned plaintiff in a holding cell.

17. While in the precinct, rather than providing necessary emergency medical treatment to plaintiff at that time, plaintiff was instead, among other things, directed to strip naked, and was subjected to an outrageous and unwarranted strip search by defendant CANELO and another defendant.

18. After the strip search, plaintiff was placed in a cell for what felt like an hour or so. He continued to ask for medical treatment, but his requests were denied.

19. At approximately 4:00 a.m., plaintiff was transported in police custody to Central Booking. At Central Booking, plaintiff was tightly shackled to other inmates. Plaintiff continued to requests medical treatment, but was threatened and intimidated from seeking medical assistance by CANELO and another defendant, who maliciously advised plaintiff that his case would be delayed if he sought any medical treatment. Nonetheless, plaintiff insisted on receiving treatment, and was eventually taken to Bellevue Hospital, where records show he was not registered until approximately 8:30 a.m. on February 9, 2008.

20. Plaintiff remained in shackles at Bellevue in the custody of defendant CANELO and another defendant. Medical personnel confirmed, among other things, that plaintiff sustained a fracture of the left orbital floor with inferior displacement of the fracture fragment, consistent with a blowout fracture with entrapment. X-rays further confirmed that plaintiff sustained a fracture of the inferior portion of the left lamina papyracea with opacification of the ethmoid air cells and left maxillary sinus, as well as a fracture of the sphenoid bone at the left superior orbital fissure. Plaintiff was also diagnosed with angle recession. Plaintiff was

eventually released back to the defendants' custody.

21. At approximately 10:00 p.m. that evening, plaintiff was finally arraigned on a purported felony drug charge and a purported misdemeanor charge of resisting arrest, which were falsely sworn to by defendant CANELO. Although a criminal court judge released plaintiff on his own recognizance, the defendants' baseless allegations caused the Court to compel plaintiff's return to court on March 6, 2008, May 19, 2008, August 11, 2008, September 11, 2008, October 27, 2008 and finally on November 26, 2008, when the case was finally dismissed and sealed on the motion of the New York County District Attorney's Office.

22. Upon information and belief, all of the above occurred while the other defendant officers, despite an opportunity to do so, failed to intervene in the illegal conduct described herein.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

24. As a result of the foregoing, plaintiff ROMAN WHITE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff ROMAN WHITE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants arrested plaintiff ROMAN WHITE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

33. Defendants caused plaintiff ROMAN WHITE to be falsely arrested and unlawfully imprisoned.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff ROMAN WHITE'S constitutional rights.

36. As a result of the aforementioned conduct of defendants, plaintiff ROMAN WHITE was subjected to excessive force and sustained serious physical injuries, permanent disfigurement, and severe emotional distress.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants maliciously issued criminal process against plaintiff ROMAN WHITE by causing him to be arraigned and prosecuted in Criminal Court.

39. Defendants caused plaintiff ROMAN WHITE to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants initiated, commenced and continued a malicious prosecution against

plaintiff ROMAN WHITE.

42. Defendants caused plaintiff ROMAN WHITE to be prosecuted without any probable cause until the charges were dismissed on or about October 9, 2008.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The strip search of plaintiff ANGELO NESIMI herein was conducted in the absence of individualized reasonable suspicion that plaintiff possessed any alleged contraband or weapons at the time of his arrest.

45. As a result of the aforementioned conduct of defendants, plaintiff ANGELO NESIMI's Fourth Amendment rights were violated.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff ROMAN WHITE, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff ROMAN WHITE was subjected to excessive force, his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause. Further, plaintiff sustained serious physical

injuries, permanent disfigurement, and severe emotional distress.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

### AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, physically abusing citizens and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and the blanket policy of the NYPD narcotics division of strip searching arrestees without regard for individualized reasonable suspicion that the arrestee being searched is in possession of weapons or contraband. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ROMAN WHITE'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen,

train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ROMAN WHITE.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ROMAN WHITE as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ROMAN WHITE as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff ROMAN WHITE was unlawfully beaten, seized, detained, strip searched, incarcerated, prosecuted, and subjected to physical abuse.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ROMAN WHITE'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff ROMAN WHITE of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C.    To be free from malicious abuse of process and/or malicious prosecution;

    D.    To be free from false imprisonment/arrest;

    E.    To be free from unlawful strip searches;

    F.    To be free from the use of excessive force; and

    G.    To be free from the failure to intervene.

61.    As a result of the foregoing, plaintiff ROMAN WHITE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff ROMAN WHITE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 30, 2009

                        LEVENTHAL & KLEIN, LLP
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                              BRETT H. KLEIN

                        Attorneys for Plaintiff ROMAN WHITE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROMAN WHITE,

                      Plaintiff,                    09 CV 6263 (CM)

    -against-

CITY OF NEW YORK, RICARDO CANELO, JAMES CRONIN, MICHAEL BRACKEN, DONALD BOLLER, DAVID NISTHAUS, ODANEL IRIAS, JOSEPH GALLO, CLAUDE SUMMLIN, JEREMIAH BREEN, DAVID CAPATO, MATTHEW GRIFFIN, CHRISTOPHER MCNICHOLAS, ENRIQUE SANTOS, GLENDA WAJER and JOHN and JANE DOE 1 through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants,

----------------------------------------------------------------X

## AMENDED COMPLAINT

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100